# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　)　CIVIL ACTION NO.<br>Plaintiff,　)<br>　)<br>v.　)<br>　)<br>PINNACLE PRECISION SERVICES, LLC　)<br>d/b/a PINNACLE PRECISION, LLC,　)<br>THE EAST BATON ROUGE PARISH　)<br>ASSESSOR, ABIGAIL LAND HOLDINGS,　)<br>LLC, and, DANIEL IVEY,　)<br>　)<br>Defendants.　) | |

## COMPLAINT

The United States of America, by and through its undersigned attorneys, brings this action to obtain a monetary judgment in the amount of $339,530.85, as of December 31, 2024, against Defendant Pinnacle Precision Services, LLC d/b/a Pinnacle Precision, LLC ("PPS, LLC") for unpaid federal employment tax liabilities, unemployment tax liabilities, and corporate income tax liabilities. The United States also seeks to enforce its federal tax lien against the Subject Property described in paragraph 8, below, that Daniel Ivey acquired subject to the federal tax liens against PPS, LLC. In support of these claims, the United States alleges as follows:

### JURISDICTION AND VENUE

1. This action is commenced under 26 U.S.C. § 7401 at the direction of the Attorney General of the United States with the authorization of and at the request of the Chief Counsel of the Internal Revenue Service, a duly authorized delegate of the Secretary of the Treasury of the United States.

2. This Court has jurisdiction over the subject matter of this civil action under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a) and 7403.

1

3. Venue is proper under 28 U.S.C. §§ 1391(b) and/or 1396 in this district because it is where Defendant Daniel Ivey resides, where PPS, LLC is domiciled, where the federal tax liabilities at issue accrued, and where the Subject Property upon which the federal tax liens are to be foreclosed is located.

## THE PARTIES

4. PPS, LLC is a Louisiana limited liability company, with a domicile address at 9410 Overwood Drive, Greenwell Springs, Louisiana, 70739. PPS, LLC is the taxpayer whose liabilities are at issue in this suit. It is also the beneficial owner of the Subject Property.

5. The East Baton Rouge Parish Assessor bills and collects property taxes, accounting, and disbursements in East Baton Rouge Parish, Louisiana. The Parish Assessor is named as a party to this action under 26 U.S.C. § 7403(b) solely to the extent there are any claims for property taxes, or other special assessments, due on the Subject Property located in East Baton Rouge Parish, Louisiana.

6. Abigail Land Holdings, LLC is an Iowa limited liability company, registered with the State of Louisiana, with a registered office at 5208 Magazine Street, #301, New Orleans, Louisiana, 70115 that is named as a party to this action under 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

7. Daniel Ivey is named as a party to this action under 26 U.S.C. § 7403(b) because he may claim an interest in the Subject Property. Daniel Ivey resides in this District and holds bare legal title to the Subject Property.

## SUBJECT PROPERTY

8. The United States seeks to enforce its federal tax liens against the real property that Daniel Ivey acquired subject to federal tax liens against PPS, LLC. The unimproved real

property is identified in the public records of East Baton Rouge Parish, Louisiana as Tax Parcel Number: 913391 and is legally described as Ward 1-4, Lot:5, Subdivision: Chene Rouge. Resub. 1985 (the "Subject Property").  The Subject Property is more particularly described as follows:

> One (1) certain lot or parcel of ground, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, and appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of East Baton Rouge, State of Louisiana, in that subdivision known as CHENE ROUGE, and designated on the official plan thereof, on file and of record in the office of the Clerk and Recorder of the Parish of East Baton Rouge, State of Louisiana, as LOT FIVE (5), said subdivision having such measurements and dimensions and being subject to such servitudes and restrictions as are more particularly shown on said map.

## COUNT I
### *Reduce Pinnacle Precision Services, LLC's Tax Assessments to Judgment*

9. In or about 2003, Barry D. Ivey formed PPS, LLC as its managing member and registered agent.  In or about 2018, PPS, LLC changed its name to Pinnacle Precision, LLC; however, Barry D. Ivey continued to be the renamed company's managing member and registered agent.

10. PPS, LLC holds itself out to the public as a provider of industrial contracting and project management services.

11. At all relevant times, PPS, LLC had employees, and as an employer, PPS, LLC was subject to the employment tax provisions imposed by the Internal Revenue Code.

12. The employment tax provisions of the Internal Revenue Code required PPS, LLC to withhold their employees' federal income and Federal Insurance Contribution Act ("FICA") taxes, *See, e.g.*, 26 U.S.C. §§ 3102, 3111, 3301, and 3402, and promptly pay over to the IRS those withholdings, along with the employer's own FICA taxes and Federal Unemployment Tax Act ("FUTA") taxes (collectively "employment taxes"). *See, e.g.*, 26 U.S.C. § 6302, 26 C.F.R. § 31.6302-1.

13. PPS, LLC was also required by federal law to make periodic deposits of the withheld taxes, as well as its share of employment taxes, in an appropriate federal depository bank in accordance with applicable Treasury Regulations. *See, e.g.*, 26 U.S.C. §§ 6302, 6157; 26 C.F.R. §§ 31.6302-1 and 31.6302(c)-3.

14. And PPS, LLC was required by federal law to periodically file Form 941, Employer's Quarterly Federal Tax Returns, ("Form 941") and to annually file Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, ("From 940") with the IRS. *See, e.g.*, 26 U.S.C. §§ 6011 and 6071; 26 C.F.R. §§ 31.6011(a)-1, 31.6011(a)-4 and 31.6071(a)-1.

### A. PPS, LLC's Form 941 Employment Tax Liabilities

15. For various periods between December 31, 2014, through December 31, 2018, described below in paragraph 16, PPS, LLC filed its Form 941 tax returns with the IRS and reported owing taxes. PPS, LLC, however, failed to fully pay the taxes it reported owing.

16. On the dates, for the periods, and in the amounts described below, a delegate of the Secretary of the Treasury made assessments against PPS, LLC for Form 941 federal employment taxes and penalties for each corresponding tax period as follows:

| Tax Period Ending | Date of Assessment | Tax | Penalties | Balance Due as of 12/31/2024[a] |
|---|---|---|---|---|
| Dec. 31, 2014 | Feb. 16, 2015 | $148,553.40 | $12,414.88* | $19,936.80 |
| Mar. 31, 2015 | Jul. 20, 2015 | $49,016.88 | $743.59* | $1,179.10 |
| Jun. 30, 2015 | Aug. 3, 2015 | $439,240.42 | $36,945.18* | $58,728.12 |
| Sept. 30, 2015 | Dec. 14, 2015 | $37,751.50 | $795.47* | $1,246.22 |
| Dec. 31, 2016 | Feb. 27, 2017 | $15,142.20 | $1,276.90*<br>$63.84*** | $12,251.61 |
| Mar. 31, 2017 | Jun. 12, 2017 | $37,147.82 | $3,714.78*<br>$1,671.65**<br>$371.48*** | $43,910.38 |
| Jun. 30, 2017 | Aug. 21, 2017 | $62,356.98 | $5,799.44*<br>$284.52*** | $56,896.65 |

| Tax Period Ending | Date of Assessment | Tax | Penalties | Balance Due as of 12/31/2024[a] |
|---|---|---|---|---|
| Sept. 30, 2017 | Feb. 19, 2018 | $25,847.32 | $1,395.74* $1,820.49** $269.70*** | $12,306.97 |
| Dec. 31, 2017 | Feb. 26, 2018 | $17,050.04 | $1,704.99* $85.25*** | $16,624.53 |
| Mar. 31, 2018 | Oct. 15, 2018 | $25,341.30 | $2,534.13* $5,701.79** $760.24*** | $34,828.62 |
| Jun. 30, 2018 | Oct. 15, 2018 | $23,658.02 | $2,365.79* $2,129.22** $354.87*** | $27,198.90 |
| Sept. 30, 2018 | Feb. 25, 2019 | $14,189.68 | $1,418.95* $1,915.61** $283.79*** | $16,223.69 |
| Dec. 31, 2018 | Feb. 25, 2019 | $1,759.76 | $8.80*** | $1,412.65 |
| | | | **Total Outstanding Balance:** | **$302,744.24** |

*Federal Tax Deposit Penalty 26 U.S.C. § 6656
**Failure to file per 26 U.S.C. § 6651(a)(1)
***Failure to pay 26 U.S.C. § 6651(a)(2)

### B. PPS, LLC's Form 940 Unemployment Tax Liabilities

17. For the tax period ending on December 31, 2012, PPS, LLC late filed its Form 940 federal unemployment tax return with the IRS, and for the tax period ending on December 31, 2018, PPS, LLC timely filed its Form 940 unemployment tax return with the IRS. For each of these periods PPS, LLC reported owing taxes, but failed to fully pay the taxes it reported owing.

18. On the dates, for the periods, and in the amounts described below, a delegate of the Secretary of the Treasury made assessments against PPS, LLC for Form 940 federal unemployment taxes and penalties for each corresponding tax period as follows:

| Tax Period Ending | Date of Assessment | Tax | Penalties | Balance Due as of 12/31/2024[a] |
|---|---|---|---|---|
| Dec. 31, 2012 | Mar. 30, 2015 | $26,332.21 | $1,296.70* $2,917.57** $1,685.71*** | $34,284.39 |

5

| Tax Period Ending | Date of Assessment | Tax | Penalties | Balance Due as of 12/31/2024[a] |
|---|---|---|---|---|
| Dec. 31, 2018 | Feb. 25, 2019 | $293.06 | $1.47*** | $494.12 |
| | | | Total Outstanding Balance: | $34,778.51 |

*Federal Tax Deposit Penalty 26 U.S.C. § 6656
**Failure to file per 26 U.S.C. § 6651(a)(1)
***Failure to pay 26 U.S.C. § 6651(a)(2)

### C.  PPS, LLC's Form 1120-S Corporate Income Tax Liabilities

19. For the 2015 tax year, PPS, LLC late filed its Form 1120-S, Income Tax for an "S" Corporation, ("Form 1120-S") on which PPS, LLC reported no taxable income and no taxes owing.

20. On the date, and in the amounts described below, a delegate of the Secretary of the Treasury assessed the tax reported on the form 1120-S return, which was $0.00, but because PPS, LLC failed to timely file this return, the delegate of the Secretary of the Treasury also assessed a late filing penalty and interest against PPS, LLC for the 2015 tax year as follows:

| Tax Period Ending | Date of Assessment | Tax | Penalties | Balance Due as of 12/31/2024[a] |
|---|---|---|---|---|
| Dec. 31, 2015 | Aug. 7, 2017 | $0.00 | $1,365.00** | $2,008.10 |
| | | | Total Outstanding Balance: | $2,008.10 |

**Failure to file per 26 U.S.C. § 6651(a)(1)

### D.  PPS, LLC Has Failed to Pay in Full its Tax Liabilities

21. A delegate of the Secretary of the Treasury properly notified PPS, LLC of the assessments described in Paragraphs 16, 18, and 20, above, and made demands for payment as provided by law.

22. Despite proper notice and demand for payment, PPS, LLC failed to pay the tax liabilities it owes for the tax periods and years described in Paragraphs 16, 18, and 20, above.

23. Under 26 U.S.C. § 6502(a), the United States generally has ten years from the time a tax liability is assessed to collect the liability or to commence a proceeding in court, such

as the instant lawsuit. PPS, LLC's Form 941, Form 940, and Form 1120-S federal tax liabilities for each of the tax periods and tax years described in Paragraphs 16, 18, and 20, above, were assessed within ten years before the date which this Complaint was filed.

24. Considering all payments, credits, abatements, and accrued interest and penalties, PPS, LLC owes $339,530.85, as of December 31, 2024, for its unpaid Form 941 federal employment tax liabilities, described in paragraph 16 above, Form 940 federal unemployment tax liabilities described in paragraph 18 above, and Form 1120-S corporate income tax liabilities, described in Paragraph 20 above, plus all statutory additions thereafter provided by law, less any further credits, abatements, and payments.

## COUNT II
### *Enforcement of Federal Tax Liens*

25. On or about May 9, 2007, PPS, LLC purchased the Subject Property. Barry D. Ivey signed the purchase agreement on behalf of PPS, LLC.

26. Federal tax liens arose on the dates of assessment described in paragraphs 16, 18, and 20, above, and immediately attached to all of PPS, LLC's property and rights to property, including the Subject Property.

27. On October 21, 2019, a delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien ("NFTL") with the Clerk of the Court for East Baton Rouge Parish, Louisiana against PPS, LLC for its unpaid Form 941, Form 940, and Form 1120-S tax liabilities for the tax periods and years described in paragraphs 16, 18, and 20, above.

28. Two days later, Berry D. Ivey, as managing member of PPS, LLC, transferred the Subject Property to Daniel Ivey by quit claim deed purportedly dated July 16, 2019, but signed, notarized, and recorded on October 23, 2019, for little or no consideration.

29. Neither PPS, LLC nor Daniel Ivey secured a discharge of the Subject Property

7

from the NFTLs by paying over to the United States in partial satisfaction of PPS, LLC's tax liabilities the value of the United States' interest in the Subject Property.

30. Because the IRS recorded NFTLs against PPS, LLC before PPS, LLC transferred the Subject Property to Daniel Ivey and because the Subject Property has not been discharged from the tax liens against PPS, LLC, Daniel Ivey acquired the Subject Property subject to the NFTLs against PPS, LLC.

31. In the alternative, Daniel Ivey acquired the Subject Property subject to the tax liens against PPS, LLC because he does not qualify as a "purchaser" under 26 U.S.C. § 6323(h)(6).

32. As a second alternative, Daniel Ivey holds bare legal title to the Subject Property as the nominee of PPS, LLC. The United States is entitled to enforce its tax liens against PPS, LLC's true and beneficial interest in the Subject Property.

33. The following facts show that Daniel Ivey holds bare legal title to the Subject Property as PPS, LLC's nominee:

    a. Daniel Ivey paid $1.00, which is inadequate consideration for the Subject Property;

    b. PPS, LLC transferred the Subject Property to Daniel Ivey on or about October 23, 2019, after the federal tax liabilities described in paragraphs 16, 18, and 20, above, were assessed, and after the IRS filed the NFTL's described in paragraph 27 against PPS, LLC.

    c. There is a family or other close relationship between PPS, LLC's managing member, Barry D. Ivey, and Daniel Ivey; and

    d. PPS, LLC pays the expenses or is the source of the funds for payment of expenses

to maintain the Subject Property after it was transferred to Daniel Ivey, including paying to redeem the Subject Property from tax sale in or about 2022.

34. On March 22, 2021, a delegate of the Secretary of the Treasury filed a NFTL with the Clerk of the Court for East Baton Rouge Parish, Louisiana against Daniel Ivey as nominee of PPS, LLC for its unpaid Form 941, Form 940, and Form 1120-S tax liabilities for the tax periods and years described in paragraphs 16, 18, and 20, above.

35. In or about 2019, the Sheriff and Tax Collector in and for East Baton Rouge Parish sold a tax sale certificate subject to a right of redemption for the Subject Property to Abigail Land Holdings, LLC for non-payment of real property taxes. On information and belief, PPS, LLC timely redeemed the Subject Property.

36. Because PPS, LLC timely redeemed the Subject Property, Abigail Land Holdings no longer has an interest in the Subject Property.

37. Notwithstanding the transfer of the Subject Property from PPS, LLC to Daniel Ivey, the United States has valid and enforceable tax liens against PPS, LLC that attach to the Subject Property for the reasons alleged in paragraphs 16 through 30, above.

38. The United States' tax liens on the Subject Property can be foreclosed and the Subject Property sold, pursuant to 26 U.S.C. § 7403, free and clear of all rights, titles, claims, liens, and interest of the parties with the proceeds of the sale distributed by the Court in accordance with the law.

**WHEREFORE**, the United States prays that this Court:

A. Enter a monetary judgment in favor of the United States and against PPS, LLC for its: (i) unpaid Form 941 federal employment tax liabilities for the periods ending on Dec. 31, 2014; Mar. 31, 2015; Jun. 30, 2015; Sept. 30, 2015; Dec. 31, 2016; Mar. 31, 2017; Jun. 30, 2017;

Sept. 30, 2017; Dec. 31, 2017; Mar. 31, 2018; Jun. 30, 2018; Sept. 30, 2018; and Dec. 31, 2018; (ii) unpaid Form 940 federal unemployment tax liabilities for the periods ending on Dec. 31, 2012; and Dec. 31, 2018; and (iii) unpaid Form 1120-S corporate income tax liabilities for the 2015 tax year, in the amount of $339,530.85, as of December 31, 2024 plus statutory additions and interest as allowed by law;

  B. Decree that the federal tax liens of the United States attach to all property and property rights of PPS, LLC, including the Subject Property;

  C. Alternatively, adjudge that Daniel Ivey holds the Subject Property as PPS, LLC's nominee, and decreeing that the federal tax liens against PPS, LLC are enforceable against the Subject Property;

  D. Foreclose the federal tax liens and direct that the Subject Property be sold in satisfaction thereof according to the law, free and clear of liens and claims of the parties herein;

  E. Determine the relative priority of the liens and/or claims of the parties to this suit to the Subject Property;

  F. Direct that the proceeds of the sale of the Subject Property be distributed in accordance with the parties' respective interests; and

  G. Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

Dated: February 11, 2025

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

/s/ Candace B. Ford
CANDACE B. FORD, LBN 37686
Assistant United States Attorney
777 Florida Street,
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: candace.ford@usdoj.gov

*Local Counsel for the United States of America*

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Matthew L. Paeffgen
MATTHEW L. PAEFFGEN
D.C. Bar No. 90002655
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Telephone: 202-307-6490
Fax: 202-514-4963
Email: Matthew.Paeffgen@usdoj.gov

*Counsel for the United States of America*